## Edward Covington and Mary Covington v. James Sink, John Brown, William Brown and Robert Coultas.

1. CONTRACTS—*Reciprocal Obligations.*—Under a contract imposing obligations upon the parties which are reciprocal, continuous, and constitute as to each party the consideration for those assumed by the other, neither party, while persistently refusing or neglecting to comply with

the obligations imposed upon such party can rightfully insist upon the performance by the other of the obligations imposed upon him.

**Assumpsit,** upon a contract in writing. Appeal from the Circuit Court of Morgan County; the Hon. CYRUS EPLER, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed December 10, 1895.

GEORGE W. SMITH, attorney for appellants.

H. G. WHITLOCK and J. SULLIVAN, attorneys for appellees.

MR. PRESIDING JUSTICE PLEASANTS DELIVERED THE OPINION OF THE COURT.

On appeal from a justice of the peace appellees, plaintiffs below, recovered judgment upon a verdict for $104.60.

The claim was for work done by them under a written contract between the parties of May 31, 1893, whereby, among other things, it was agreed that appellees would put in operation a saw mill upon the premises of appellants as soon as practicable, and cut, haul and saw into lumber all the saw timber thereon that was fit to make good lumber, and so situated as to be conveniently deliverable at the mill, for eighty-five cents per one hundred feet; that appellees might sell all they could dispose of, and that the proceeds of all lumber sold by them or by appellants should be paid to appellees, until all the amount of the chopping, hauling and sawing should be fully paid.

The defense set up was, that appellees quit the work, leaving a considerable portion of the timber uncut; to which it was replied that appellant, Edward Covington, sold and received the price for lumber that appellees sawed, and persistently refused to turn it over to them upon request, and after notice from them that, unless he did, they would quit the work and bring suit for what they had done; and that appellants also refused to give them lumber for the amount so sold, except at an exorbitant price.

It appears that the mill was put in operation early in June and ran for something more than a month, during

which it sawed about 60,000 feet, leaving, as claimed by
·appellants, from thirty to thirty-five thousand unsawed.

It was not denied that Edward Covington did receive
about fifty dollars for lumber that he sold, which he did not
turn over according to the contract, or that he was repeat-
edly requested by appellees to do so, and notified of the
consequences of his failure, as stated. His excuse, as given
on the trial, was that he needed the money to buy provisions
for appellees' hands, whom he agreed to board, but it is not
claimed that such excuse justified him under the contract;
which is the only documentary evidence shown by the
abstract.

The only testimony of any importance, so far as we can
see, excepting that of several witnesses tending to impeach
the general reputation of appellants for truth and veracity,
came from the parties, and in some respects was conflict-
ing. But the controlling question in the case is fairly pre-
sented by the reliance of appellants upon the point that the
contract was an entirety, and therefore that appellees could
not rightfully recover without proof of its full performance
on their part. Hence, the chief complaint is of its alleged
construction by the court. By the abstract we are not
advised of that construction. It omits much of the evidence,
on the ground that any abstract of it would be too expen-
sive to justify it, and we are therefore referred to the record
for all knowledge of it; and, while complaining of the in-
structions given for plaintiffs, and of the modification of
those asked by the defendants, it fails to present a single
word of either. In short, it is not at all in compliance with
the rule of this court, and the judgment might well be
affirmed for that reason.

The contract plainly imposes obligations upon the parties
to it, which are reciprocal, continuous, and constitute as to
each the consideration for those assumed by the other. We
do not understand that either, while persistently refusing
or neglecting to comply with those imposed upon it, can
rightfully insist upon performance by the other of those so
assumed by it. Harber Bros. Co. v. Moffett Cycle Co., 151
Ill. 84; Bradley v. King, 44 Id. 339.

As to the amount of the balance due to appellees, the finding of the jury, strengthened by the refusal of the court to disturb it, must be regarded as conclusive. The judgment will therefore be affirmed.